UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JTS/SIMMS, LLC,
    Debtor.     No. 7-07-12153 SA

SIMMS BUILDING, INC.
    Plaintiff,
v.
NEW MEXICO REAL ESTATE ADVISORS, INC.
dba Grubb & Ellis/New Mexico,
    Defendant.     Adv. No. 07-1180 S

## MEMORANDUM OPINION RECONSIDERING
## ORDER DENYING MOTION TO REMAND

On December 19, 2007, Defendant New Mexico Real Estate Advisors, Inc. ("NMREA") removed this adversary proceeding from the Second Judicial District Court, Bernalillo County, New Mexico. On January 7, 2008, Plaintiffs filed a Motion to Remand the case. Doc 13. On January 28, 2008, NMREA filed its answer and a Motion to Dismiss. Docs 16, 17. The Court conducted a hearing on the Motion to Remand on February 20, 2008 at which Plaintiff's attorney failed to appear. As a sanction, the Court denied the Motion to Remand. Doc 23. Now, however, while working on the Motion to Dismiss the Court has come to the realization that it lacks jurisdiction over the case and should have remanded it. Therefore, the Court will _sua sponte_ reconsider the Order Denying Motion to Remand.

This adversary proceeding concerns rents collected by NMREA from a time period before the Debtor purchased the real property

on which the rents were collected.  Simms Building, Inc. claims ownership to the rents; NMREA claims the Debtor owns the rents.

In the Chapter 11 case, Debtor reached a settlement with its largest creditor, Silar Special Opportunities Fund, LP ("Silar").  As part of the settlement, the automatic stay terminated with respect to Silar's collateral, including cash collateral, and such collateral was abandoned from the estate.  See Main case, docs 209 (Joint Motion) and 218 (Order granting joint motion).  The rents that are the subject of this adversary proceeding would have been cash collateral, and therefore have been abandoned.

> A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case.  In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987).  When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, In re Hall's Motor Transit Co., 889 F.2d 520, 523 (3d Cir. 1989); In re Xonics, Inc., 813 F.2d at 131; In re Muller, 72 B.R. 280, 284 (C.D. Ill. 1987), aff'd, 851 F.2d 916 (7th Cir. 1988), cert. denied, 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989), and the property's relationship to the bankruptcy proceeding comes to an end.  See In re Hall's Motor Transit Co., 889 F.2d at 523. Thus, the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy.  In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979).

Gardner v. United States (In re Gardner), 915 F.2d 1515, 1518 (10th Cir. 1990).  Therefore, the Court finds that it lost jurisdiction over the issue of ownership of the rents when the cash collateral, including rents, was abandoned.

Furthermore, for a bankruptcy court to have jurisdiction over a matter, it must at least be "related to" the bankruptcy. 28 U.S.C. § 157(c)(1). A proceeding is related to a bankruptcy if the outcome could conceivably have an effect on the estate being administered in the case. <u>Oakwood Acceptance Corp. v. Tsinigini (In re Oakwood Acceptance Corp.)</u>, 308 B.R. 81, 85 (Bankr. D. N.M. 2004). The outcome of this proceeding will not have an impact on the estate because the property has been abandoned.

The Court will enter an Order setting aside the Order Denying Motion to Remand and enter an Order Granting the Motion to Remand.

                                Honorable James S. Starzynski
                                United States Bankruptcy Judge

Date Entered on Docket: April 15, 2009

copies to:

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070

Paul M Kienzle, III
PO Box 587
Albuquerque, NM 87103-0587